IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 16-cv-00122-MJR |
| | ) |
| GLADYSE TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Charles Strickland is currently incarcerated at Big Muddy River Correctional Center, located in Ina, Illinois. Proceeding *pro se*, Strickland has filed a complaint under 42 U.S.C. § 1983, alleging various constitutional violations committed against himself and his fellow prisoners.[1]

This matter is now before the Court for a preliminary review of Strickland's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

Strickland's complaint alleges several wrongs, including the confiscation of his personal legal books and disciplinary transfers ordered under false pretenses. The brunt of the complaint, however, centers on the denial of his and his fellow inmates' "pre-sentence jail credits," an

---

[1] Strickland states that he brings this claim on behalf of himself, as well as on behalf of "Alsworth Carter . . ., Ronshawn Brunt . . ., [and] thousands of other prisoners . . . ." (Doc. 14 at 2.)

action which is "forcing us to be unlawfully imprisoned beyond our regular Mandatory Supervised Release . . . dates." (*Id.* at 2.) His prayer for relief includes a request that such credits be reinstated. (*Id.* at 5.)

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254.

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted). *Muhammad* is based on *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a § 1983 action that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. The Seventh Circuit has held that *Heck* applies to the denial of a prisoner's pre-sentence credit. *See Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003) ("A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies.").

Strickland's civil rights claim only ripens when the decision that led to the denial of pre-sentence credit has been reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303,

306-07 (7th Cir. 2006). Because there is no indication this has occurred, Strickland's § 1983 claim must be dismissed.

The dismissal shall be without prejudice, however, to Strickland raising his claim, should he wish to do so, if and when the action imposing an extended duration of his confinement is overturned. He may be able to pursue relief in a federal habeas corpus case, after presenting his claim to the Illinois state courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts, for example, have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

### Pending Motions

Strickland filed a motion for recruitment of counsel (Doc. 5) and a motion for service of process at the Government's expense (Doc. 6). Those motions are **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that any and all claims against Defendants are **DISMISSED** without prejudice.

A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199

(2007)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998). Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 1, 2016**

s/ MICHAEL J. REAGAN  
**MICHAEL J. REAGAN**  
**Chief Judge**  
**United States District Court**